#### UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES,** ) |  |
| ) |  |
| v.          ) | Case No. 15-cr-00147 APM) |
| ) |  |
| **ANTHONY FREDERICK** *et al.*, ) |  |
| ) |  |
| **Defendants.** ) |  |
| ) |  |

### SENTENCING GUIDELINES CALCULATION NOTICE

In advance of the sentencings of Defendants Anthony Frederick and Christopher Kwegan, the court provides the following Notice concerning the Sentencing Guidelines calculation that the court intends to follow, absent demonstration of error.

The Presentence Investigation ("PSI") Reports calculated Mr. Frederick's guidelines range as 46 to 57 months and Mr. Kwegan's guidelines range as 41 to 51 months. Mr. Frederick disputes that guideline range, asserting that it should be 30 to 37 months. *See* Def. Frederick's Mem. in Aid of Sentencing, ECF No. 136 [hereinafter Frederick Sentencing Mem.], at 6. Mr. Kwegan does not dispute his guidelines range as calculated in his PSI Report. *See* Def. Kwegan's Mem. in Aid of Sentencing, ECF No. 140 [hereinafter Kwegan Sentencing Mem.], at 3.

The Government objects to the PSI Reports' calculations as to both Defendants for one primary reason. According to the Government, the applicable guideline for the conviction on Count III (Honest Services Fraud; Aiding and Abetting) is § 2B4.1, not § 2B1.1, as used in the PSI Reports. *See* Gov't's Sentencing Mem. as to Def. Frederick, ECF No. 135 [hereinafter Gov't's Sentencing Mem., Frederick], at 2–3; Gov't's Sentencing Mem. as to Def. Kwegan, ECF No. 139 [hereinafter Gov't's Sentencing Mem., Kwegan], at 2–3. As a consequence of applying § 2B4.1,

the Government calculates Mr. Frederick's guidelines range to be 57 to 71 months, *see* Gov't's Sentencing Mem., Frederick, at 6, and Mr. Kwegan's guidelines range to be 63 to 78 months, *see* Gov't's Sentencing Mem., Kwegan, at 6.

In the court's view, none of these calculations are correct. The PSI Reports and the parties agree that, under the grouping rules set forth at §§ 3D1.2 and 3D1.3, Counts I through III should be grouped together, and the count of conviction resulting in the highest offense level governs. According to the PSI Reports, § 2B1.1 produces the highest offense level; according to the Government, § 2B4.1 produces the highest offense level. The court, however, concludes that the guideline applicable to Count II—§ 2E5.1—produces the highest offense level.

Section 2E5.1 applies to "the giving or receipt of bribes and other unlawful gratuities involving employee welfare or pension benefit plans, or labor organizations." U.S. Sentencing Guidelines Manual § 2E5.1, Background. That guideline is clearly applicable here. It provides that the base offense level for conduct involving bribes is 10. *Id.* § 2E5.1(a)(1). The guideline requires the addition of two points because Mr. Frederick was "a fiduciary of the benefit plan or labor organization." *Id.* § 2E5.1(b)(1).[1] Mr. Kwegan likewise receives a two-point enhancement as an aider and abetter, as required under § 2X2.1. The guideline then imposes a 16-level enhancement because the "value of the improper benefit *to the payer*" exceeded $1.5 million.[2] *Id.* § 2E5.1(b)(2) (emphasis added); § 2B1.1. Upon adding the additional point for the money laundering counts under § 2S1.1, the adjusted offense level is 29. Both Defendants receive a two-

---

[1] The court will not add a two-point enhancement for abuse of a position of trust, because to do so would be duplicative of the two-point fiduciary enhancement.

[2] The court agrees with the Government that, even if Defendants are credited for the value of the renovations done on the union hall and the permit expediting performed, the value of the improper benefit received by the payer still would exceed $1.5 million. Moreover, the guidelines instruct the court not to deduct the value of the bribe payments received by Mr. Frederick when computing the value of the benefit received. *See* U.S. Sentencing Guidelines Manual § 2C1.1 cmt. 3; § 2E5.1, Application Note 4.

2

point reduction for acceptance of responsibility under § 3E1.1(a), resulting in a total offense level of 27.

As a consequence of a total offense level of 27, Mr. Frederick's guidelines range is 70 to 87 months (Criminal History I).  Mr. Kwegan's guidelines range is 78 to 97 months (Criminal History II).  The court intends to use these guideline ranges at Defendants' sentencings.  The parties are encouraged to double-check the court's guidelines analysis and calculations and to make any objections in writing or orally at sentencing.

Dated: February 3, 2017

Amit P. Mehta
United States District Court Judge